SO ORDERED.

Dated: December 8, 2015

Daniel P. Collins, Chief Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In Re | ) | In Proceedings Under Chapter 13 |
| | ) | |
| SANTIAGO CANTU RODRIGUEZ | ) | Case No: 2:14-bk-17982-DPC |
| | ) | |
| and | ) | |
| | ) | INJUNCTION AGAINST |
| CARLA RODRIGUEZ, | ) | CARLA LIEF |
| | ) | |
| Debtors. | ) | |
| | ) | |

**THIS MATTER HAVING COME** before the Court at an Order to Show Cause hearing conducted at 1:30 p.m. on November 2, 2015 where the Court enjoined Carla Lief ("Lief") from further document preparation work in this District for at least one year; the Court having received and considered the Objection to Order Imposing Injunction Against Carla Lief ("Injunction Objection") filed in both 2:14-bk-17982-DPC at docket 63, and 2:15-bk-00785-PS at docket 54; the Court having considered the arguments of counsel and testimony from Lief at the 1:30 p.m. hearing on December 7, 2015; the Court now holds as follows:

This Injunction Against Carla Lief constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052, F.R.B.P. This is a core proceeding and this Court has jurisdiction over this matter and the parties. 28 U.S.C. §§ 157 and 1334.

. . .

. . .

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A. Lief is not licensed to practice law in the State of Arizona or the District Courts for the Federal District of Arizona including the U.S. Bankruptcy Courts.

B. Lief is certified by the Arizona Supreme Court as a Certified Legal Document Preparer (hereinafter "CLDP"). Her certification number is #80112.

C. Lief is a bankruptcy petition preparer as that term is defined by 11 U.S.C. § 110(a)(1).

D. Lief is a "Debt Relief Agency" as that term defined in 11 U.S.C. § 101(12A). The statutory definition of a Debt Relief Agency specifically includes bankruptcy petition preparers.

E. On June 11, 2009, in Case No. 2:09-bk-01205-RTB (*In re Robert Tovmasyan*), the Court (Hon. Redfield T. Baum) signed an ORDER REQUIRING BANKRUPTCY PETITION PREPARER CARLA LIEF TO COMPLY WITH 11 U.S.C. §§ 110, 526, 527, and 528 AND NOT TO ENGAGE IN THE UNAUTHORIZED PRACTICE OF LAW ("Consent Order") (Docket #68). The Consent Order is attached hereto as an exhibit. The Consent Order was signed by Lief. Citing *In re Gabrielson*, 217 B.R. 819 (Bankr.D.Ariz. 1998), the Order specifically barred Lief from "preparing motions, responses to motions, objections to claims, responding to the Trustee's Recommendation (including but not limited to Amended or Modified Plans), or preparing any type of pleading." *See* Consent Order, paragraph D, page 2, lines 26 through 27.

F. Subsequent to the entry of the Consent Order, Lief prepared and filed the following documents in the bankruptcy court for the District of Arizona:

Rodriguez (Administrative Case 2-14-bk-17982-DPC)

    1. Motion to Waive Appearance at Meeting of Creditors and Financial Management Course [Docket Entry #20]

| | |
|---|---|
| 1 | 2. Motion to Extend Deadline to Pay Filing Fee and Request to |
| 2 | Appear at Hearing Telephonically [Docket Entry #21] |
| 3 | 3. Chapter 13 Plan [Docket Entry #26] |
| 4 | 4. Motion to Reinstate Case [Docket Entry #31] |
| 5 | 5. Request to Continue Status Hearing and Request to Appear at All |
| 6 | Hearings by Telephone [Docket Entry #47] |

<u>Rodriguez (Adversary Case 2-15-ap-00293-DPC)</u>

6. Complaint to Avoid Lien and Discharge Debt Owed to CitiMortgage, Inc. [Docket Entry #1]
7. Application for Entry of Default Judgment [Docket Entry #5]
8. Notice of Lodging Proposed Order [Docket Entry #9]
9. Motion for Entry of Default Judgment Against CitiMortgage, Inc. [Docket Entry #10]

<u>Collins (Administrative Case 2-15-bk-00785-PS)</u>

10. Chapter 13 Plan [Docket Entry #18]
11. Amended Chapter 13 Plan [Docket Entry #34]

G. Lief acknowledged to the Court that she prepared the pleadings referenced in paragraph F above and that she was not working with, for or under a licensed attorney in connection with the preparation of such documents.

H. Lief's conduct and actions in the cases listed in paragraph F above clearly violated the terms of the Consent Order signed by Lief and entered by the Court in Case No. 2:09-bk-01205-RTB.

I. Lief's actions in the cases listed in paragraph F above constitute the unlawful practice of law in this Court and in this State, as well as violations of 11 U.S.C. § 110(e)(2)(A).

J.  The Court has the authority to enjoin this conduct under 11 U.S.C. §§ 110(j) and 105.

K.  At this Court's November 2, 2015 Order to Show Cause hearing, the Court enjoined Lief from performing any document preparation work of any kind in chapter 7 and 13 cases. The Court's Order is reflected in the Minute Entry for the November 2, 2015 hearing. [Docket Entry #61].

L.  At the November 2, 2015 hearing, the Court spoke telephonically with a man it believed was debtor Santiago Cantu Rodriguez. The speaker was in fact debtor's son. While Lief was aware of this fact, and the fact that Debtors do not speak English, she made no effort to clarify to the Court that the speaker was not the Debtor. The Court finds Lief's actions and inaction were calculated to deceive this Court.

M.  Subsequent to the Court's November 2, 2015 injunction, Lief prepared and filed the following documents with the Bankruptcy Court in the District of Arizona:

<u>Patrick (Administrative Case 2-15-bk-15324-GBN)</u>

1. Chapter 7 Voluntary Petition [Docket Entry #1], filed December 2, 2015.
2. Amendment to Petition [Docket Entry #4]
3. Bankruptcy Petition Preparer's Notice, Declaration, and Signature [Docket Entry #5]
4. Declaration of Evidence of Employer's Payments Within 60 Days [Docket Entry #8]
5. Chapter 7 Statement of Your Current Monthly Income [Docket Entry #9]
6. Schedules and Statements [Docket Entry #10]
7. Disclosure of Compensation of Bankruptcy Petition Preparer [Docket Entry #11]

N. Lief acknowledged to the Court that she prepared the *Patrick* pleadings referenced in paragraph M above and that she was not working with, for or under a licensed attorney in connection with such preparation.

O. The document described in paragraph M line 1 above does not bear the address or signature of Lief, in violation of 11 U.S.C. § 110(b)(1).

P. Subsequent to this Court's December 7, 2015 hearing, the Court learned of the following cases and related documents filed after the November 2, 2015 hearing, which Lief prepared for filing with the Court. These cases are as follows:

Ferguson (Administrative Case 2-15-bk-14285-MCW)

1. Chapter 7 Voluntary Petition [Docket Entry #1], filed November 6, 2015
2. Schedules and Statements [Docket Entry #6]
3. Disclosure of Compensation of Bankruptcy Preparer [Docket Entry #7]
4. Declaration of Evidence of Employers' Payments Within 60 Days [Docket Entry #12]

Perez/Hoyos (Administrative Case 2-15-bk-14834-DPC)

5. Chapter 7 Voluntary Petition [Docket Entry #1], filed November 20, 2015.
6. Disclosure of Compensation of Bankruptcy Preparer [Docket Entry #6]
7. Master Mailing List [Docket Entry #13]
8. Schedules and Statements [Docket Entry #14]
9. Master Mailing List [Docket Entry #17]
10. Schedules and Statements [Docket Entry #20]

| | | |
|---|---|---|
| 1 | 11. | Declaration of Evidence of Employers' Payments Within 60 Days [Docket Entry #21] |
| 2 | 12. | Chapter 7 Statement of Your Current Monthly Income [Docket Entry #22] |

Harris (Administrative Case 2-15-bk-14926-GBN)

13. Chapter 7 Voluntary Petition [Docket Entry #1], filed November 23, 2015.

14. Disclosure of Compensation of Bankruptcy Preparer [Docket Entry #10]

15. Master Mailing List [Docket Entry #14]

16. Schedules and Statements [Docket Entry #15]

17. Schedules and Statements [Docket Entry #19]

18. Chapter 7 Statement of Your Current Monthly Income [Docket Entry #20]

19. Declaration of Evidence of Employers' Payments Within 60 Days [Docket Entry #21]

Clapick (Administrative Case 2-15-bk-15271-BKM)

20. Chapter 7 Voluntary Petition [Docket Entry #1], filed December 1, 2015.

21. Declaration of Evidence of Employers' Payments Within 60 Days [Docket Entry #7]

22. Disclosure of Compensation of Bankruptcy Preparer [Docket Entry #8]

23. Master Mailing List [Docket Entry #9]

Wilks (Administrative Case 2-15-bk-14137-BMW)

24. Chapter 7 Voluntary Petition [Docket Entry #1], filed November 4, 2015.
25. Disclosure of Compensation of Bankruptcy Preparer [Docket Entry #7]
26. Master Mailing List [Docket Entry #13]
27. Schedules and Statements [Docket Entry #16]
28. Schedules and Statements [Docket Entry #19]
29. Chapter 7 Statement of Your Current Monthly Income [Docket Entry #20]
30. Declaration of Evidence of Employers' Payments Within 60 Days [Docket Entry #21]
31. Master Mailing List [Docket Entry #22]

Velazco (Administrative Case 2-15-bk-14620-BMW)

32. Chapter 7 Voluntary Petition [Docket Entry #1], filed November 16, 2015.
33. Disclosure of Compensation of Bankruptcy Preparer [Docket Entry #7]
34. Master Mailing List [Docket Entry #8]
35. Schedules and Statements [Docket Entry #19]
36. Schedules and Statements [Docket Entry #20]
37. Chapter 7 Statement of Your Current Monthly Income [Docket Entry #21]
38. Declaration of Evidence of Employers' Payments Within 60 Days [Docket Entry #22]

Krueger (Administrative Case 2-15-bk-15434-PS)

       39.     Chapter 7 Voluntary Petition [Docket Entry #1], filed December 7, 2015 at 1:46 p.m.

Q. Lief's conduct and actions in the cases listed in paragraphs M and P above are in blatant violation of the terms of the Court's injunction announced at the November 2, 2015 hearing.

R. In the Clapick and Krueger cases reference in paragraph P above, Lief failed to file Official Form 119, which is required by the Revised Bankruptcy Forms which became effective on December 1, 2015.

S. At the Court's December 7, 2015 hearing on the Injunction Objection, Lief acknowledged her website (www.carlalief.com) continues to have a "Bankruptcy" drop-down tab which states, among other things, "[w]*e are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code.*" This is a direct violation of the Court's injunction announced at the November 2, 2015 hearing.

T. Lief's Injunction Objection will be treated by the Court as a request under Bankruptcy Rules 9023 and 9024. The Court finds Lief has failed to satisfy the requirements of either of these Rules.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

(A) Lief's Injunction Objection is overruled.

(B) Lief is hereby enjoined, effective as of November 2, 2015, from acting or advertising in any way as a Bankruptcy Petition Preparer as defined by 11 U.S.C. § 110 under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), within the District of Arizona for a period not less than one year from November 2, 2015.

(C) By December 31, 2015, Lief will place a statement on her website under the "Bankruptcy" tab which references this Order and explains that she has been

Case 2:14-bk-17982-DPC    Doc 71    Filed 12/08/15    Entered 12/08/15 16:30:04    Desc
Main Document    Page 8 of 17

1 enjoined by this Court from preparing any documents for use under any chapter of the
2 Bankruptcy Code, pending further order by this Court.

3      (D)    After the one-year period has expired, Lief may file a motion with this
4 Court in this Rodriguez case seeking to reinstate her privileges to act as a Bankruptcy
5 Petition Preparer in the District of Arizona.

6      (E)    This Order shall not modify, amend or have any effect on any other
7 orders entered in any court against Lief. This injunction applies to Lief regardless of
8 capacity and she shall not attempt to circumvent the injunction by any entity, person,
9 means, scheme, device, or mechanism.

10 **DATED AND SIGNED ABOVE**

12 **To be Noticed through the BNC to:**

13 Carl R. Retter, Esq.
14 4800 N. 68th St., Unit 171
Scottsdale, AZ 85251-1138

15 Carla Lief
16 15251 S. 50th St., #1006
Phoenix, AZ 85044

18 Scott Lieske, Esq.
Russell A. Brown Chapter 13 Trustee
19 3838 N. Central Ave., Suite 800
Phoenix, AZ 85012-1965

21 Andrew Dudley, Esq.
Office of the Chapter 13 Trustee
22 101 N. 1st Ave., Suite 1775
Phoenix, AZ 85003-1927

24 Ilene Lashinsky, Esq.
United States Trustee
25 230 N. First Ave., Suite 204
Phoenix, AZ 85003

| | |
|---|---|
| 1 | George Prentice, Clerk<br>U.S. Bankruptcy Court, District of Arizona |
| 2 | 230 N. First Ave., Suite 101<br>Phoenix, AZ 85003 |
| 3 | |
| 4 | Brian Karth, Clerk<br>U.S. District Court, District of Arizona |
| 5 | 401 W. Washington St., Suite 130<br>SPC 1 |
| 6 | Phoenix, AZ 85003-2118 |
| 7 | Hon. George B. Nielsen |
| 8 | U.S. Bankruptcy Court, District of Arizona<br>230 N. First Ave., Suite 101 |
| 9 | Phoenix, AZ 85003 |
| 10 | Hon. Paul Sala<br>U.S. Bankruptcy Court, District of Arizona |
| 11 | 230 N. First Ave., Suite 101<br>Phoenix, AZ 85003 |
| 12 | |
| 13 | Hon. Redfield T. Baum (Recalled)<br>U.S. Bankruptcy Court, District of Arizona |
| 14 | 230 N. First Ave., Suite 101<br>Phoenix, AZ 85003 |
| 15 | |
| 16 | Hon. Brenda Moody Whinery<br>U.S. Bankruptcy Court, District of Arizona |
| 17 | 230 N. First Ave., Suite 101<br>Phoenix, AZ 85003 |
| 18 | |
| 19 | Hon. Eddward P. Ballinger, Jr.<br>U.S. Bankruptcy Court, District of Arizona |
| 20 | 230 N. First Ave., Suite 101<br>Phoenix, AZ 85003 |
| 21 | |
| 22 | Hon. Madeleine C. Wanslee<br>U.S. Bankruptcy Court, District of Arizona |
| 23 | 230 N. First Ave., Suite 101<br>Phoenix, AZ 85003 |
| 24 | |
| 25 | Hon. Brenda K. Martin<br>U.S. Bankruptcy Court, District of Arizona |
| 26 | 230 N. First Ave., Suite 101<br>Phoenix, AZ 85003 |

| | |
|---|---|
| 1 | Hon. Scott H. Gan |
| | U.S. Bankruptcy Court, District of Arizona |
| 2 | 230 N. First Ave., Suite 101 |
| | Phoenix, AZ 85003 |
| 3 | |
| 4 | State Bar of Arizona |
| | 4201 N. 24th St., Suite 100 |
| 5 | Phoenix, AZ 85015-6266 |
| 6 | Janet Johnson, Clerk |
| | Supreme Court of Arizona |
| 7 | 1501 W. Washington, Suite 402 |
| | Phoenix, AZ 85007-3232 |
| 8 | |

Scott A. Lieske, Esq. #016250
3838 N. Central Ave., Ste. 800
Phoenix, Arizona 85012
(602) 277-8996
(602) 253-8346, facsimile
Attorney for Russell Brown, Chapter 13 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re

ROBERT TOVMASYAN,

Debtor.

In Proceedings Under Chapter 13

Case No. 2-09-BK-01205 RTB

**ORDER REQUIRING BANKRUPTCY PETITION PREPARER CARLA LIEF TO COMPLY WITH 11 U.S.C. §§ 110, 526, 527, and 528 AND NOT TO ENGAGE IN THE UNAUTHORIZED PRACTICE OF LAW**

The Court, having received a Stipulation for entry of this Order, and there being good cause for the Court to approve the Order,

**IT IS ORDERED:**

(A) Carla Lief, hereinafter "Lief," is a bankruptcy petition preparer as defined by 11 U.S.C. §110(a)(1) and is a "Debt Relief Agency" as defined in 11 U.S.C. §101(12A), in this case and other bankruptcy cases.

(B) Lief shall comply with 11 U.S.C. §§ 110, 526, 527, and 528 for all future bankruptcy cases; however, this Order is without prejudice to actions regarding documents prepared in cases already filed.

(C) In connection with soliciting customers for the preparation of bankruptcy documents, Lief shall not use the word "legal", "paralegal", or any similar term in any advertising or advertise under any category that includes the word "legal" or "paralegal" regardless of advertising medium used [11 U.S.C. §110(f)]. In any advertisement directed to the general public that Lief provides

bankruptcy assistance services or of the benefits of bankruptcy; or services with respect to credit defaults, mortgage foreclosures, eviction proceedings, excessive debt, debt collection pressure, or inability to pay any consumer debt, Lief shall clearly and conspicuously disclose that the services or benefits are with respect to bankruptcy relief [11 U.S.C. §528(a)(3) and 11 U.S.C. §528(b)(2)(A)]. Lief shall clearly and conspicuously use the following statement in such advertisement: "We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code." [11 U.S.C. §528(a)(4) and 11 U.S.C. §528(b)(2)(B)]. Such advertising includes advertising on billboards, signs, and placards.

   (D) Pursuant to 11 U.S.C. §110(e)(2)(A), Lief shall not provide any debtor or potential bankruptcy debtor any legal advice. Such advice includes, but is not limited to the legal advice described in 11 U.S.C. §110(e)(2)(B):

- whether to file a bankruptcy petition;
- whether commencing a case under Chapter 7, 11, 12, or 13 is appropriate;
- whether the debtor's debts will be discharged in a case under this title;
- whether the debtor will be able to retain the debtor's home, car, or other property after commencing the case;
- concerning the tax consequences of a bankruptcy case;
- concerning the dischargeability of tax claims;
- whether the debtor should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;
- concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or
- concerning bankruptcy procedures and rights.

In addition, the *Gabrielson* decision [217 B.R. 819 (Bankr.D.Ariz. 1998)] has ruled that the following activities also constitute the provision of legal advice:

- concerning which exemptions are available or proper to claim property as exempt;
- preparing motions, responses to motions, objections to claims, responding to the Trustee's Recommendation (including but not limited to Amended or Modified Plans), or preparing any type of pleading; or
- advocating a position on behalf of the debtor to third parties.

*In re Tovmasyan*    *Order Requiring Carla Lief to Comply With 11 U.S.C. §§ 110, 526, 527 and 528; and not to Engage in the Unauthorized Practice of Law*

Case 2:09-bk-01268-BPB Doc 68 Filed 02/08/09 Entered 02/08/09 16:30:08 Desc
Main Document Page 13 of 67

Lief shall not engage in any activity which may be construed as the practice of law regardless of bankruptcy chapter.

(E) Lief shall not make any statement, or counsel or advise any debtor or prospective debtor to make a statement in a document filed in a case that is untrue or misleading or that upon the exercise of reasonable care, should have been known by Lief to be untrue or misleading [11 U.S.C. §526(a)(2)].

(F) Lief shall not advise any debtor to incur more debt in contemplation of the filing of a bankruptcy case [11 U.S.C. §526(a)(4)].

(G) Within five days of providing bankruptcy services to a debtor, and prior to any petition being filed, Lief shall execute a written contract with the debtor that explains clearly and conspicuously the services that will be provided, the fees for such services, and the terms of payment [11 U.S.C. §528(a)(1)]. Lief must also provide a copy of the fully executed contract to the debtor [11 U.S.C. §528(a)(2)].

(H) Before preparing any document for filing or accepting any fees from a debtor, Lief shall provide to the debtor a copy of the written notices required by 11 U.S.C. §527(a)(2) and §527(b); and a copy of the written notice set forth in Official Form 19 [11 U.S.C. §110(b)(2)(A)]. In addition, Official Form 19 shall be attached to any document for filing prepared on behalf of the debtor [11 U.S.C. §110(b)(2)(B)(iii)(II)]. "Document for filing" or "document prepared" includes, but is not limited to, the Petition, Statement of Financial Affairs, Schedules A through J, Master Mailing List, Debtor's Statement of Intention, Declaration of Evidence of Employer Payments, Statement of Current Monthly Income and Disposable Income, and Chapter 13 Plan. An amendment to any document is a separate "document for filing." When Lief prepares a bankruptcy document besides an Official Form (such as a master mailing list declaration), she must use and sign Official Form 19 attached to or printed on each document to provide the disclosure information required by § 110. However, the use of Official Form 19 does not avert the proscription against the unlicensed practice of law.

*In re Tovmasyan*
2-09-bk-01205 RTB

- 3 -

*Order Requiring Carla Lief to Comply With*
*11 U.S.C. §§ 110, 526, 527, and 528; and*
*not to Engage in the Unauthorized Practice of Law*

Case 2:09-bk-01205-RJH   Doc 63   Filed 02/03/09   Entered 02/03/09 16:30:03   Desc
Main Document   Page 13 of 67

(I) In any case regardless of which bankruptcy chapter, for each document prepared, and to comply with § 110, Lief shall:

    (1) Sign the document as bankruptcy petition preparer, and print her name and address on the document [11 U.S.C. §110(b)(1)];

    (2) Place her Arizona Certified Legal Document Preparer number on the document after her signature [11 U.S.C. §110(c)(1) and Local Rule 2090-2(c)];

    (3) No later than the time at which a document for filing is presented for the debtor's signature, furnish to the debtor the original and a copy of the document [11 U.S.C. §110(d)]; and

    (4) Not execute or sign any document on behalf of a debtor [11 U.S.C. §110(e)(1)].

(J) Soon after Debtor files a petition, or other document she prepared, Lief shall file a declaration under the penalty of perjury disclosing any fee received from or on behalf of the debtor within twelve months immediately prior to the filing of the case, and any unpaid fee charged to the debtor [11 U.S.C. §110(h)(2)]. The Disclosure shall include a certification that Lief complied with the notification requirement of 11 U.S.C. §110(h)(1). The Disclosure is to be a document separate from the debtor's own bankruptcy documents. Independent of the filing of a disclosure statement, Lief shall fully disclose the fee information required by question number nine in the Statement of Financial Affairs if she prepared the Statement.

(K) Lief shall not collect or receive any payment from the debtor for the court fees in connection with filing the petition [11 U.S.C. §110(g)]. This prohibition includes the use of any runner or messenger service by Lief. The debtor must file the petition.

(L) Lief shall not charge, receive or be paid more than $200.00 in any bankruptcy case, unless she is preparing documents under the direct supervision of an attorney who has hired her as an independent contractor. However, Lief may file an application for later payment of a higher fee which the Court may allow after a hearing on the application. If Lief files such an application, she shall serve a copy on the United States Trustee. Until the Court approves such an application, Lief shall not accept, charge, receive or be paid more than $200.00 without a bankruptcy court order. The fee charged by Lief is to include any costs or charges she incurs, such as copying charges, discussion

*In re Tovmasyan*
2-09-bk-01205 RTB
- 4 -
*Order Requiring Carla Lief to Comply With 11 U.S.C. §§ 110, 526, 527, and 528; and not to Engage in the Unauthorized Practice of Law*

Case 2:09-bk-07283-RJB   Doc 68   Filed 06/08/09   Entered 06/08/09 16:50:08   Desc
Main Document   Page 15 of 67

fees or for literature. In the event that the Bankruptcy Court increases the maximum fee to be charged by Bankruptcy Petition Preparers, then Lief does not have to get prior court approval to raise her fee, as long as it is not raised beyond the adjusted maximum fee.

    (M)    In connection with the preparation of bankruptcy documents, Lief shall not enter into any fee agreements with attorneys, including the splitting of fees with attorneys, payment of referral fees, or the hiring of an attorney.

    (N)    Lief shall not engage in any conduct that interferes with the proper administration of Title 11, United States Code, including any amendments thereto.

    (O)    Lief shall not do any act or attempt to evade or defeat this Order by any scheme, entity, business organization (e.g., corporation, limited liability company or partnership), device, mechanism, artifice, or the use of an attorney. This Order applies regardless of individual name, capacity, trade name or "front," and whether acting as, by or through an individual, franchisee, franchiser, partner, employee, employer, investor, shareholder or attorney.

    (P)    Lief shall not put her address on a petition, mailing list, or other documents as being the debtor's mailing address. The debtor's address shall be only that of the debtor.

    (Q)    Lief shall make reasonable efforts to be informed of changes to the Official Forms. Bankruptcy Rule 9009, requires that the Official Forms prescribed by the Judicial Conference of the United States are to be used except as otherwise authorized. If the Judicial Conference makes changes to the Official Forms, then Lief shall keep any bankruptcy software and forms current with the changes.

    (R)    Pursuant to Local Rule 2090-2(a), should Lief no longer be licensed as a Certified Legal Document Preparer by the Arizona Supreme Court, then she can no longer act as a bankruptcy petition preparer.

    (S)    Judge Redfield T. Baum shall retain jurisdiction over any future allegations of violations of §§ 110, 526, 527, and/or 528 relating to documents prepared by Lief, regardless of Chapter or Trustee.

*In re Tovmasyan*
2-09-bk-01205 RTB

- 5 -

*Order Requiring Carla Lief to Comply With*
*11 U.S.C. §§ 110, 526, 527, and 528; and*
*not to Engage in the Unauthorized Practice of Law*

Case 2:09-bk-07283-RFB    Doc 68    Filed 06/08/09    Entered 06/08/09 16:50:04    Desc
Main Document    Page 16 of 17

|     |                                                                                                                      |
| --- | -------------------------------------------------------------------------------------------------------------------- |
| 1   | (T)   The continued hearing currently scheduled for June 10, 2009 at 11:00 a.m. is hereby |
| 2   | vacated. |
| 3   | DATED this _____ day of _____, 2009. |
| 4   | |
| 5   | _____ |
|     | HON. REDFIELD T. BAUM |
| 6   | United States Bankruptcy Judge |
| 7   | |
| 8   | |
| 9   | Order accepted and approved: |
| 10  | |
| 11  | *Carla Lief* 6-3-09 |
| 12  | Carla Lief |
|     | AZCLDP #80112 |
| 13  | |
| 14  | |
| 15  | *Russell Brown* 6/8/2009 |
|     | Russell A. Brown |
| 16  | Chapter 13 Trustee |

*In re Tovmasyan*
2-09-bk-01205 RTB
- 6 -

*Order Requiring Carla Lief to Comply With*
*11 U.S.C. §§ 110, 526, 527, and 528; and*
*not to Engage in the Unauthorized Practice of Law*

Case 2:09-bk-01205-RTB    Doc 68    Filed 06/08/09    Entered 06/08/09 16:50:04    Desc
Main Document    Page 16 of 17